**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| GREGORY DEMPSEY, <br><br> Plaintiff, <br><br> v. <br><br> RICHARD NATHAN, et al., <br><br> Defendants. | No. 14 C 0812 <br><br> Magistrate Judge Mary M. Rowland |

**REPORT AND RECOMMENDATION**

City of Rolling Meadows and Anthony Peluso (City Defendants) move for sanctions against Plaintiff Gregory Dempsey (Plaintiff) following the District Court's grant of summary judgment in favor of the City Defendants. The City Defendants seek reimbursement for all of their fees and costs incurred since the beginning of this litigation. For the reasons stated below, the Court recommends that the motion for sanctions [151] be **GRANTED IN PART**.

**A. Background and Procedural History**

This case arises from a business dispute between Plaintiff and Richard Nathan and RTC Industries Inc. (RTC Defendants). During that dispute, Mr. Nathan filed a citizen's complaint accusing Plaintiff of removing an original freelance agreement from RTC. (*See* Dkt. 144). After Detective Peluso (Peluso) conducted a month-long investigation into other missing property, including flag stem axles, he signed a criminal complaint on behalf of Mr. Nathan and arrested Plaintiff. *Id.*; Dkt. 100.

Plaintiff filed an eleven-count complaint against the City Defendants and the RTC Defendants, alleging violations of 42 U.S.C. § 1983, including false arrest, and state law tort claims. On September 30, 2014, the District Judge dismissed the illegal search and seizure claims against the City Defendants because Plaintiff failed to show that he had a legitimate interest in the property seized and dismissed the false arrest claim against the City finding Plaintiff failed to state a *Monell* claim. (Dkt. 41). The false arrest claim against Peluso survived based on Plaintiff's allegation that Peluso knew the charges against Plaintiff were false.

On June 7, 2016, the District Judge granted the City Defendants' motion for summary judgment. (Dkt. 144). The City Defendants now seek sanctions, arguing that Plaintiff's claims were frivolous and designed to harass them.[1] (Dkt. 151). The City Defendants attach to their motion a March 27, 2014 letter to Plaintiff, written pursuant to Federal Rule of Civil Procedure 11, warning that Plaintiff's claims violate Rule 11(b)(1) and (3) and that the City Defendants would seek sanctions if Plaintiff did not voluntarily dismiss all claims against them. (Dkt. 151-1, Exh. A).

**B. The City Defendants' Letter Meets Rule 11's Procedural Requirements**

Plaintiff argues that the City Defendants' letter does not comply with Rule 11 because it is "not a draft of the Motion to Compel."[2] (Dkt. 162, at 2). This argument is unpersuasive. A party may send a Rule 11 letter instead of serving a motion for

---

[1] The RTC Defendants did not join the motion for sanctions. On summary judgment, the District Court remanded all of Plaintiff's remaining state law claims against the RTC Defendants to state court. (Dkt. 144). The City Defendants are not parties to the state court case. (Dkt. 141 at 4).

[2] The Court assumes Plaintiff meant "Motion for Sanctions."

sanctions. *Matrix IV, Inc. v. Am. Nat'l Bank & Tr. Co.*, 649 F.3d 539, 552 (7th Cir. 2011) ("we have held that a letter informing the opposing party of the intent to seek sanctions and the basis for the imposition of sanctions...is sufficient for Rule 11 purposes"). Plaintiff was on notice of the City Defendants' intention to seek sanctions at least as early as March 27, 2014, when they sent their Rule 11 letter. The letter stated the City Defendants' intent to seek sanctions if Plaintiff did not dismiss them from the lawsuit because of the lack of evidentiary and legal support for Plaintiff's claims. Defendants' letter is sufficient under Rule 11.

**C. Sanctions Are Warranted Under Rule 11(b)(3)**

Plaintiff's false arrest theory was that the RTC Defendants gave Peluso false information—that Plaintiff had taken RTC property without authority—and Peluso *knew the information was false* when he arrested Plaintiff. (Dkt. 1-1, Compl. ¶¶31, 45-50).³ On summary judgment Plaintiff produced no evidence that Peluso knew the information was false. Instead, Plaintiff argued that: (1) Peluso knew that the first complaint was the "result of a recent breakdown in business relations" (Dkt. 113 at 2); (2) Plaintiff had permission to take the property (*Id.*, Dempsey Decl. ¶9); and (3) Peluso should have investigated further. *Id.* at 3.

The District Court found no evidence "suggest[ing] that Detective Peluso had reason to believe RTC's complaint was 'fishy'." (Dkt. 144 at 12, n. 6). The citizen's complaint filed by the RTC Defendants alone established probable cause. *Id.* at 12.

---

³ Two criminal complaints were filed leading to Plaintiff's arrest—the first on February 6, 2012, involving the RTC Defendants' allegation that Plaintiff took the original freelance agreement from the RTC offices. (Compl. ¶31; Dkt. 113 at 2). The second complaint filed on March 7, 2012 involved the missing flag stem axles. (Compl. ¶45; Dkt. 144 at 12).

Peluso's alleged awareness of a "recent breakdown in business relations" did not show that he knew the information in the complaint was false. *Id*. at 12, n. 6. Importantly, Plaintiff never informed Peluso that he had permission to take the property, so Plaintiff's explanation, in response to Defendants' summary judgment motion, for why he took the property was not relevant to determining whether Peluso had probable cause. *Id*. at 13, n. 9. Finally, once Peluso had probable cause based on the complaint Mr. Nathan signed, Peluso had no further obligation to investigate. *Id*. at 12-13.

As predicted in the City Defendants Rule 11 letter, Plaintiff had no evidence to support his false arrest claim. The District Court's ruling on the motions to dismiss should have served as further warning. That ruling was clear that the only way Plaintiff's false arrest claim could succeed was if Plaintiff had some evidence that Peluso knew the charges were false. (Dkt. 41 at 11). Despite have no such evidence, even by the time of summary judgment, Plaintiff tried to gloss over his lack of evidentiary support by making irrelevant arguments.

In opposing sanctions, Plaintiff asserts that Peluso's investigation was faulty, and the City Defendants violated their own policies regarding the handling of evidence. (Dkt. 162). He relies on the fact that the state court judge in his criminal case was "incredulous" with the States' presentation of evidence. Plaintiff misses the point. The District Court found that there was no genuine issue of fact whether: (1) Peluso had probable cause to arrest Plaintiff based on Mr. Nathan's complaint; or (2) Peluso knew the information contained in the criminal complaint was false.

The fact that the State did not meet its burden of proof in Plaintiff's criminal case has no bearing on Plaintiff's ability to meet *his* burden of proof in *this* case.

Under Rule 11, a court may impose sanctions on an attorney or party who maintains a claim that is "unwarranted by existing law or has no reasonable basis in fact, and that applies to claims presented to the court 'whether by signing, filing submitting, or later advocating it.'" *Fabriko Acquisition Corp. v. Prokos*, 536 F.3d 605, 610 (7th Cir. 2008). The decision to impose sanctions, and the amount and form of sanction, are within the discretion of the district court. *Divane v. Krull Elec. Co.*, 200 F.3d 1020, 1030 (7th Cir. 1999).

On the one hand, attorneys are not expected to have the full benefit of hindsight when filing a lawsuit on behalf of a client. Nor should courts impose sanctions any time a claim ultimately proves to be groundless. *Corley v. Rosewood Care Ctr.*, 388 F.3d 990, 1014 (7th Cir. 2004). On the other hand, the continued advocacy of a baseless claim and refusal to withdraw it in the face of a Rule 11 letter can be grounds for sanctions. *Fabriko Acquisition Corp.*, 536 F.3d at 610 (affirming sanction where plaintiff's counsel clearly failed to investigate the law or facts and maintained the lawsuit after being put on notice of the problems with the case); *see also N. Ill. Telecom, Inc. v. PNC Bank, N.A.*, No. 12 C 2372, 2015 U.S. Dist. LEXIS 55858, at *14 (N.D. Ill. Apr. 29, 2015) ("Rule 11 imposes a duty to withdraw claims filed without evidentiary support.") (quoting *Fowler v. Freightliner Corp.*, No. 99 C 0988, 1999 U.S. Dist. LEXIS 17165, at *7 (N.D. Ill. Oct. 29, 1999)). Indeed, Rule 11 "require[s] litigants to 'stop-and-think' before initially making legal or factual contentions [and

also] emphasizes the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer tenable…" *See* Advisory Committee Notes to Fed. R. Civ. P. 11.

This Court believes that Plaintiff violated Rule 11(b)(3) and that sanctions are warranted.[4] Plaintiff asserted a false arrest claim without evidentiary support. Plaintiff persisted with this claim through summary judgment, despite the fact that discovery revealed no facts to support the claim. In fact, discovery revealed facts which were always within Plaintiff's knowledge and which directly contradicted his claim. (*See* Dkt. 144 at 6, n. 4 (discussing Plaintiff's admission that he removed the flag axles, and the lack of evidence that Plaintiff ever told Peluso before his arrest that he believed RTC planted the flags in the boxes).

For purposes of the motion for sanctions, the inquiry is whether a competent attorney doing a reasonable investigation would not have believed the merit of a position taken in the complaint. *See Dreis & Krump Mfg. Co. v. Int'l Ass'n of Machinists & Aero. Workers*, 802 F.2d 247, 255 (7th Cir. 1986) (explaining that the Rule 11 test is an objective one); *see also N. Ill. Telecom, Inc.,* 2015 U.S. Dist. LEXIS 55858*,* at *16 (granting sanctions where plaintiff knew or with reasonable inquiry should have known it had no contract with defendant's predecessors). In *Divane v. Krull Elec. Co.*, the Seventh Circuit affirmed the award of sanctions because the attor-

---

[4] The City Defendants' motion for sanctions does not cite specific subdivisions of Rule 11(b), but their Rule 11 letter cited subdivisions (1) and (3) of Rule 11(b). The Court recommends sanctions under Rule 11(b)(3), but not under Rule 11(b)(1). The City Defendants' assertion that Plaintiff intended to harass them and to "impugn Detective Peluso's professional reputation" (Dkts. 151, 163) is not supported by any citation to the record or any specific facts.

ney's failure to withdraw or amend a counterclaim that he knew lacked factual basis. 200 F.3d at 1029. His pursuit of the counterclaim, despite abandoning the original factual basis for it, only made the case for imposing sanctions stronger. *Id*.

This is not a case where plaintiff had a good faith basis to proceed through summary judgment because it had some, though ultimately not enough, evidence to survive summary judgment. *Corley*, 388 F.3d at 994, 1013-14; *see also Gonzalez v. Dominick,* No. 06 C 3961, 2012 U.S. Dist. LEXIS 89248, at *9 (N.D. Ill. June 28, 2012) (although summary judgment granted for defendant, sanctions not warranted because plaintiff at least had colorable claims based on deposition testimony). Moreover, the state of the law was clear, and the evidence Plaintiff needed to prove his claims was clear. Plaintiff and his attorney knew or should have known that he could not sustain a false arrest claim against the City Defendants.

### D. Amount of Sanction

Having determined that sanctions are warranted, this Court recommends that the City Defendants should be reimbursed $2,500 by Plaintiff and his counsel, who should be held jointly and severally liable for the sanction award. *See N. Ill. Telecom*, 2015 U.S. Dist. LEXIS 55858, at *26 (N.D. Ill. Apr. 29, 2015) (citing *Jimenez v. Madison Area Tech. Coll.*, 321 F.3d 652, 656 (7th Cir. 2003)) (attorney and client may be held jointly and severally liable where both are responsible for Rule 11 violation).

While an award of some attorneys' fees is appropriate in this case (*see Divane*, 200 F.3d at 1030), this Court does not recommend awarding all of City Defendants'

fees and costs since the beginning of the litigation. Rule 11 is not a fee shifting device. The purpose is to deter, and any sanction should be "the least severe that is adequate to serve the purposes of deterrence." *Id*.

Furthermore, the City Defendants provide no description or documentation of the amount sought.[5] Even so, an award of all fees and costs undoubtedly would exceed an amount sufficient to serve Rule 11's purpose of deterrence. *See e.g., Divane*, 200 F.3d at 1030-31 (affirming decision to impose sanction but remanding for court to reconsider blanket award of attorneys' fees); *see also Fabriko Acquisition Corp.*, 536 F.3d at 610 (affirming award of $2,500 to sanction plaintiff's counsel); *Paldo Sign & Display Co. v. Hansen,* No. 09 C 50055, 2011 U.S. Dist. LEXIS 49585, at *10 (N.D. Ill. May 6, 2011) (declining to award all of defendant's fees and costs in the case but directing plaintiff to pay defendant $10,000 as a sanction under Rule 11).

## E. Conclusion

For the foregoing reasons, the Court recommends that the City Defendants' motion for sanctions be GRANTED in part, and that Plaintiff and his attorney be held jointly and severally liable for payment of $2,500 to the City Defendants. Counsel has 14 days from the date of service of this Court's Report and Recommendation to file objections with the Honorable Marvin E. Aspen. *See* Fed. R. Civ. P. 72(b). Failure to file objections with the district court within the specified time will result in a waiver of the right to appeal all findings, factual and legal, made by this Court in

---

[5] The City Defendants filed a separate motion for recovery of its costs pursuant to FRCP 54(b). (Dkt. 150). That motion was not referred to this Court.

the Report and Recommendation. *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

Dated: October 11, 2016

*/s/ Mary M. Rowland*