# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GREGORY DEMPSEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 14 CV 812 |
| v. ) | Hon. Marvin E. Aspen |
| ) | |
| RICHARD NATHAN, RTC INDUSTRIES ) | |
| INC., CITY OF ROLLING MEADOWS, and ) | |
| DETECTIVE ANTHONY PELUSO, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

On June 7, 2016, we granted Defendant City of Rolling Meadows and Detective Anthony Peluso's ("City Defendants") motion for summary judgment. (Dkt. No. 144.) The City Defendants then filed a motion for sanctions, arguing that Plaintiff Gregory Dempsey's claims were frivolous and designed to harass them. (Dkt. No. 151.) We referred the motion to Magistrate Judge Mary M. Rowland, who issued a Report and Recommendation ("Report") on October 11, 2016 that concluded the motion for sanctions should be granted in part. (Dkt. No. 165.) Both Plaintiff and the City Defendants timely filed objections to the Report, which we now consider under Federal Rule of Civil Procedure 72. For the reasons stated below, we accept and adopt Judge Rowland's Report in part.

## BACKGROUND

We assume familiarity with the facts presented in this case, as they were previously set forth in detail in our order granting Defendants' motion for summary judgment.

(Summ. J. Order (Dkt. No. 144); *see also* Mot. to Dismiss Order (Dkt. No. 41).) Accordingly, we discuss the relevant facts and procedural history as necessary below.

Plaintiff filed an 11-count complaint against the City Defendants, and against Richard Nathan and RTC Industries, Inc. ("RTC Defendants"), alleging violations of 42 U.S.C. § 1983 against all defendants, state law tort claims of false arrest, malicious prosecution and conversion against the RTC Defendants, and breach of contract and unjust enrichment against RTC Industries. On September 30, 2014, we dismissed several of the claims against the defendants, including Plaintiff's *Monell* claims against the City of Rolling Meadows and his claims related to the alleged illegal search and seizure of property at his former home. (Dkt. No. 41.) At the time we granted the City Defendants' motion for summary judgment on June 7, 2016, the only remaining claims against the City Defendants were a § 1983 false arrest claim against Detective Peluso and a state-law indemnification claim against the City of Rolling Meadows related to Detective Peluso's alleged conduct in arresting Plaintiff.[1] (Dkt. No. 144.) We granted the City Defendants' motion and entered judgment. (Dkt. No. 145.) On June 29, 2016, the City Defendants brought a motion for an award of sanctions against Plaintiff under Federal Rule of Civil Procedure 11, arguing that Plaintiff's claims were frivolous and designed to harass. (Dkt. No. 151.) We referred the motion to Judge Rowland, who issued the Report on October 11, 2016. (Dkt. No. 165.) Both Plaintiff and the City Defendants filed objections. (Dkt. Nos. 166, 167.)

---

[1] We also granted the RTC Defendants' motion for summary judgment in part, and as only state-law claims against the RTC Defendants remained viable, we remanded the claims back to state court. (Dkt. No. 144.) Because the City Defendants are not parties to the state court case and all remaining claims against them were resolved by the motion for summary judgment, we entered judgment. (*See* Dkt. Nos. 144, 145.)

**STANDARD OF REVIEW**

Pursuant to the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Federal Rule of Civil Procedure 72, district court judges are permitted to assign certain nondispositive and dispositive matters to a magistrate judge to hear and decide. *Schur v. L.A. Weight Loss Cntrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009). "After a magistrate judge rules (on a nondispositive matter) or makes a report and recommendation (on a dispositive matter), either party may object within ten days." *Id.* We conduct a de novo review of any part of the magistrate judge's findings to which there are proper objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson*, 170 F.3d at 739.

**ANALYSIS**

The Report recommends that we grant the City Defendants' motion for sanctions pursuant to Federal Rule of Civil Procedure 11(b)(3) and award sanctions against Plaintiff and his counsel in the amount of $2,500. (Dkt. No. 165 at 7.) Judge Rowland found sanctions are warranted because Plaintiff asserted a false arrest claim without evidentiary support and persisted with the claim through summary judgment, despite the fact that Plaintiff marshalled no evidence supporting his allegations even after engaging in lengthy discovery. (*Id.* at 6–7.)

**A.      Plaintiff's Objections**

Plaintiff objects to the Report on several grounds. Plaintiff's first disagreement concerns whether the motion for sanctions met the notice requirements under Rule 11. Pursuant to Rule 11(c), a court may "impose an appropriate sanction on any attorney, law firm, or party"

who violates Rule 11 "after notice and a reasonable opportunity to respond." Fed. R. Civ. P. 11(c)(1). The rule further states that a "motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)," and the motion must be served but not "filed or . . . presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service." Fed. R. Civ. P. 11(c)(2). "This 21-day window gives the offending party a 'safe harbor' within which to withdraw or correct the offending pleading." *Matrix IV, Inc. v. Am. Nat. Bank & Trust Co. of Chi.*, 649 F.3d 539, 552 (7th Cir. 2011).

Plaintiff contends the City Defendants' motion for sanctions should be denied because Defendants failed to comply with the safe harbor provision under Rule 11(c)(2) by failing to provide him with a copy of the motion 21 days prior to filing. (Pl.'s Obj. (Dkt. No. 167) at 6.) The City Defendants sent Plaintiff a March 27, 2014 letter, written pursuant to Federal Rule of Civil Procedure 11, warning that Plaintiff's claims against the City and Detective Peluso violated Rule 11(b), and informing Plaintiff that the City Defendants would seek sanctions if Plaintiff did not voluntarily dismiss all claims against them. We agree with Judge Rowland that the letter is sufficient to comply with Rule 11, as it meets the notice and safe harbor requirements. *See Matrix IV*, 649 F.3d at 552 ("[W]e have held that a letter informing the opposing party of the intent to seek sanctions and the basis for the imposition of sanctions . . . is sufficient for Rule 11 purposes.").

Plaintiff also argues that he was "completely blindsided" by the motion for sanctions, since it came more than two years after Plaintiff received the Rule 11 letter. But Plaintiff has pointed to no facts or circumstances indicating that the City Defendants wrongly delayed in seeking sanctions. *See Divane v. Krull Elec. Co., Inc.*, 200 F.3d 1020, 1027–28 (7th Cir. 1999)

(rejecting opposition to motion for sanctions on the ground that the movant did not timely file the motion after giving notice). Rather, the circumstances here indicate the City Defendants' delay, if any, was reasonable—they warned Plaintiff that it appeared he could raise no facts to support his claims against the City Defendants, and after this conclusion was affirmed on summary judgment, the City Defendants promptly filed the motion for sanctions. *See, e.g.*, *Matrix IV*, 649 F.3d at 552 (finding a motion for sanctions filed two years after sending a Rule 11 letter met the requirements of Rule 11(c)(2), explaining "[t]hat [Plaintiff] had much more 'safe harbor' time before the Rule 11 motion was filed only underscores the fact that it had sufficient opportunity to decide whether to dismiss its suit in response to [Defendant's] notice"). We find no undue delay, nor are we persuaded that Plaintiff was reasonably "blindsided" by the motion for sanctions. We further reject Plaintiff's claim that "[u]nder the approach Defendant is using to support sanctions, every party should send a letter at the outset of the case, why they believe they will win [*sic*], demand the other side dismiss or settle, and if they prevail use their letter from potentially years earlier as support for what amounts to a fee shifting provision." (Pl.'s Obj. at 7.) The premise of Plaintiff's slippery slope argument is flawed, as such an "approach" would only be proper where, as here, the facts and circumstances supporting the letter have merit. In sum, we agree with Judge Rowland that Plaintiff was afforded sufficient notice under Rule 11, and we therefore turn to the merits of the motion for sanctions.

We also overrule Plaintiff's objections to the substance of Judge Rowland's Report. Plaintiff raises two main objections: (1) the Report employed "a virtually impossible standard" for Plaintiff to meet—"namely, requiring an explicit admission by Officer Peluso that he knew that the charges against Plaintiff were false"; and (2) Plaintiff reasonably pursued his claims because he had evidence that Detective Peluso violated the City's evidence collection policies

and may have tampered with one piece of evidence.  (Pl.'s Obj. at 1–6.)  Plaintiff submits he "did an extraordinary amount of research and investigation prior to filing the Complaint, and subsequently incurred substantial costs to put forth evidence," including hiring an expert to advise and opine on the acceptable standards for gathering evidence and determining whether evidence has been tampered with.  (Pl.'s Obj. at 1–2.)

We agree with Judge Rowland that Plaintiff's objections, like his opposition to the motion for sanctions, miss the point.  Plaintiff's "extraordinary" research and investigation efforts relate to his theory that Detective Peluso mishandled and potentially tampered with a photograph of allegedly stolen property in violation of City of Rolling Meadows Police Department policies.  (Pl.'s Obj. at 3–6.)  However, whether true or not, Plaintiff's allegations regarding Detective Peluso's handling of evidence cannot support his false arrest claim.  As we have explained, a false arrest claim requires proof that an arrest was made without probable cause.  *See Brooks v. City of Chi.*, 564 F.3d 830, 832 (7th Cir. 2009) (citing *Askew v. City of Chi.*, 440 F.3d 894, 895 (7th Cir. 2006)).  Probable cause exists "if at the time of the arrest, the facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Thayer v. Chiczewski*, 705 F.3d 237, 246 (7th Cir. 2012) (quoting *Gonzalez v. City of Elgin*, 578 F.3d 526, 529 (7th Cir. 2009)).

There was ample evidence supporting Detective Peluso's probable cause determination, including the criminal complaints submitted by RTC industries, which were corroborated by a month-long investigation and review of video surveillance footage and other documentary evidence supporting the theft allegations.  (*See* Summ. J. Order at 3–4, 12–13.)  At the time

Plaintiff filed his complaint in this matter, and through the course of discovery, Plaintiff has put forth no evidence that Detective Peluso believed or had reason to believe that the criminal complaint was false, or that the other evidence gathered during his pre-arrest investigation was not credible. (*Id.* at 13.) Further, as we have explained, after Detective Peluso had probable cause for an arrest, he had no constitutional obligation to continue the investigation. (*Id.*) What is more, Plaintiff has conceded that he took the property that precipitated the criminal complaint (he claims he was justified in doing so, although he did not inform Detective Peluso of this fact), which only further undermines any reasonable belief that Detective Peluso's arrest was based on false information that Plaintiff took the items from RTC. (*See* Dempsey Decl. (Dkt. No. 114–1) ¶ 9.) While Plaintiff points out that he was ultimately acquitted of the criminal charges against him, none of the facts or evidence he points to make his decision to continue to litigate his false arrest claim reasonable.

Because we agree with Judge Rowland that Plaintiff had no evidence to support his false arrest claim, and instead continued to posit irrelevant facts and arguments in support of his claims, we adopt the Report and find sanctions are appropriate. *See Johnson*, 170 F.3d at 740 (affirming sanctions award under Rule 11(b)(3) where an attorney's "[f]ailure to withdraw or amend a counterclaim that [he] knew lacked any factual basis demonstrates that [he] never performed a reasonable inquiry into [the] counterclaim before presenting it to the court at trial").

### B. City Defendants' Objections

While sanctions may be appropriate under Rule 11, a sanctions award "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). Among other things, sanctions may include "an order

7

directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4).

We agree with Judge Rowland that an award of attorneys' fees is appropriate in this case, but we disagree with the amount of the award. The Report recommended that Plaintiff and his counsel be held jointly and severally liable for a sanctions award of $2,500, but rejected an award of "all of Defendants' fees and costs since the beginning of the litigation." (Report at 7–8.) This recommendation was based in part on the fact that "the City Defendants provide[d] no description or documentation of the amount sought." The City Defendants object to the recommended sanctions award, pointing out that they have incurred substantial fees defending against Plaintiff's baseless false arrest claim, including considerable time spent engaging in discovery and briefing their motion for summary judgment. (Defs.' Obj. at 3–4.) Further, they point out that they did not submit evidence regarding the fees incurred, because they "expected and intended to submit a fee petition based on the district court's ruling as to whether sanctions were appropriate." (*Id.* at 2.)

We determine that an award of attorneys' fees, limited to fees incurred as a direct result of the City Defendants having to prepare for and fully brief its motion for summary judgment, is appropriate as a deterrent. Fed. R. Civ. P. 11(c)(1)(A); *Divane*, 200 F.3d at 1031. The purpose of Rule 11 is to deter baseless filings—it is not a fee-shifting statute. *Johnson v. A.W. Chesterton Co.*, 18 F.3d 1362, 1366 (7th Cir. 1994); *see also Mars Steel Corp. v. Cont'l Bank N.A.*, 880 F.2d 928, 932 (7th Cir. 1989) ("Rule 11 is not a fee-shifting statute in the sense that the loser pays. It is a law imposing sanctions if counsel files with improper motives or inadequate investigation."). "Rule 11 ensures that each side really does bear the expenses of its

own case—that the proponent of a position incurs the costs of investigating the facts and the law." *Mars Steel*, 880 F.2d at 932.

No reasonable attorney would have continued to pursue the false arrest claim based on the facts and evidence known to Plaintiff. While a reasonable pre-suit investigation likely should have proved as much, it was undoubtedly apparent by the time the City Defendants filed their motion for summary judgment. Accordingly, the City Defendants may submit evidence in support of the attorneys' fees incurred in preparing for and briefing their summary judgment insofar as they relate to the substance of the false arrest claim only.[2] The City Defendants are directed to file their fee petition on or before November 21, 2016. Within 10 days thereafter, Plaintiff may respond to the City Defendants' petition with any material objections to the fee submission. After considering this additional evidence, we will determine the appropriate sanctions amount.

## CONCLUSION

For the reasons stated above, we accept and adopt Judge Rowland's Report in part, and we overrule Plaintiff's objections. We grant the motion for sanctions in part (Dkt. No. 151), but we decline to enter the amount of the appropriate sanction at this time. As set forth herein, on or before November 21, 2016, Defendants shall submit additional evidence in support of the attorneys' fees incurred as a direct result of the conduct warranting sanctions under Rule 11, and Plaintiff may file any appropriate objections within 10 days thereafter. It is so ordered.

---

[2] We observe, for example, that the billing statements submitted by the City Defendants include entries related to the RTC Defendants' motion for summary judgment, as well as entries concerning non-dispositive motions for extension of time. (*See* Defs.' Obj., Ex. B.) These fees do not appear directly related to the sanctionable conduct, and therefore, they should not be included in any Rule 11 sanctions award.

_____
Honorable Marvin E. Aspen
United States District Judge

Dated: November 7, 2016
       Chicago, Illinois