# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GREGORY DEMPSEY, ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RICHARD NATHAN, RTC INDUSTRIES ) <br> INC., CITY OF ROLLING MEADOWS, and ) <br> DETECTIVE ANTHONY PELUSO, ) <br> ) <br>     Defendants. ) | Case No. 14 C 812 <br> Hon. Marvin E. Aspen |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Presently before us is Defendants City of Rolling Meadows and Anthony Peluso's ("City Defendants") petition for attorney fees pursuant to our November 7, 2016 Order. (Defs.' Pet. (Dkt. No. 172).) The November 7, 2016 Order adopted in part Magistrate Judge Rowland's Report and Recommendation granting City Defendants' motion for sanctions, and finding Plaintiff's conduct warranted an award of attorneys' fees pursuant to Federal Rule of Civil Procedure 11(c). (Dkt. No. 169.) We requested that City Defendants submit evidence in support of the fees incurred in preparing for and briefing their summary judgment motion "insofar as they relate to the substance of the false arrest claim only." (*Id.* at 9.) City Defendants assert they have expended $16,909.00 in reasonable attorneys' fees as a result of Plaintiff's sanctionable conduct. Plaintiff opposes City Defendants' fee petition insofar as he contends some of the fees included in the petition are inflated and unnecessary. (Pl.'s Opp'n (Dkt. No. 174).) For the reasons that follow, we determine a Rule 11 award of $11,581.00 is reasonable under the circumstances.

City Defendants seek $16,909.00 in attorneys' fees for 91.4 billable hours their attorneys spent preparing for and briefing their motion for summary judgment. (Defs.' Pet. at 2.) City Defendants' request is based on the lodestar method of calculating the hours expended on the relevant issues and multiplying by a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939 (1983); *Divane v. Krull Elec. Co.*, 319 F.3d 307, 314–16 (7th Cir. 2003). City Defendants request an hourly rate of $185 per billable hour, billed in 1/10 hour increments, which they contend is "more than reasonable" based on the prevailing market rate in the Chicago legal community—and a rate, which they argue is actually significantly below the rates for attorneys performing similar civil rights work. (Defs.' Pet. at 2.) In support of their petition, they have submitted declarations from the two attorneys who worked on the relevant summary judgment briefing, along with detailed billing records reflecting the work performed. (Dkt. Nos. 172–1, 172–2, 172–3.)

Under Rule 11, a sanction must be limited to "what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). A deterrent monetary sanction may include "part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." *Id.*; *Divane*, 319 F.3d at 314. We must exclude from the fee calculation any hours that were not reasonably expended, including hours that are excessive, redundant, or otherwise unnecessary. *Hensley*, 461 U.S. at 434, 103 S. Ct. at 1939–40; *People Who Care v. Rockford Bd. of Educ., Sch. Dist. No. 205*, 90 F.3d 1307, 1314 (7th Cir. 1996) (explaining fees may be unreasonable where attorneys were inefficient, were duplicitous, or inadequately documented their time). A court may not, however, "'eyeball' the fee request and 'cut it down by an arbitrary percentage because it seemed excessive to the court.'" *People Who Care*, 90 F.3d at 1314 (quoting *Spellan v. Bd. of Educ. for*

*Dist. 111,* 59 F.3d 642, 647 (7th Cir. 1995)). We are obligated to award those fees which "directly resulted from the sanctionable conduct." *Divane*, 319 F.3d at 314.

Plaintiff does not object to City Defendants' proposed billable rate, but he contests the reasonableness of the work allegedly performed at that rate. Specifically, Plaintiff objects generally to the unreasonable amount of time he asserts Defendants spent preparing and researching the motion for summary judgment. (Pl.'s Opp'n at 1–2.) He also objects specifically to time spent (1) in connection with City Defendants' motion to strike portions of Plaintiff's Rule 56.1 statement and exhibits, (2) reviewing depositions, (3) reviewing orders issued in this case, (4) reviewing the status of the related state court case, and (5) reviewing or briefing motions to extend the time. (*Id.* at 3–6.)

A. **Plaintiff's Objection to the Reasonableness of the Work Performed**

First, Plaintiff argues that "91.4 hours of experienced attorney time on a motion for summary judgment to dispose of a case that lacked allegedly obvious factual support is not reasonable." (*Id.* at 2–3.) Plaintiff contends City Defendants' attorneys should have disposed of the motion more efficiently, arguing "experienced civil rights lawyers could have presented that argument in a motion for summary judgment that would have taken no more than a single day to draft." (*Id.* at 3.) In addition to his general objection to the total fee award request, Plaintiff specifically argues attorneys' fees should not be awarded for the 9.5 hours City Defendants' counsel spent performing legal research, or for the 8.7 hours counsel spent reviewing deposition testimony. (*Id.* at 4–5 (further arguing that "the issues in the instant case should have been . . . clear and required no legal research for experienced civil rights attorneys like those involved here").)

City Defendants contend they have requested fees only for their time spent on matters directly related to their motion for summary judgment, excluding any time spent on claims against co-defendants Richard Nathan and RTC Industries, Inc. ("RTC Defendants") and on co-defendants' parallel motion for summary judgment. (Defs.' Pet. at 4.) City Defendants further argue the submitted billing records reflect reasonable time spent toward securing judgment in their favor and flowed directly from Plaintiff's unreasonable conduct in persisting to litigate through summary judgment a false arrest claim lacking a factual basis. (*Id.*)

Plaintiff has oversimplified the reasonable work involved in drafting and filing the motion for summary judgment. In general, a party has a duty under Rule 11 to "mitigate damages by correlating [its] response, in terms of hours and funds expended, to the merit of the claims." *Dubisky v. Owens*, 849 F.2d 1034, 1037 (7th Cir. 1988). "If a baseless claim could have been readily disposed of by summary procedures, there is little justification for a claim for attorney's fees and expenses engendered in lengthy and elaborate proceedings in opposition." *Id.* (quotations omitted). Here, however, City Defendants attempted to dispose of Plaintiff's false arrest claim in a motion to dismiss—the motion was denied based on Plaintiff's allegation that Officer Peluso arrested Plaintiff based on information he knew was false. Plaintiff had no evidence to support this allegation, yet persisted in litigating through summary judgment, instead attempting to support his claim with irrelevant, baseless arguments. Accordingly, having needlessly engaged in discovery, City Defendants reasonably vigorously prepared and supported their summary judgment motion. *See Divane*, 319 F.3d at 321–22.

Moreover, while experienced civil rights attorneys may have encountered similar issues in other cases, the facts undoubtedly differ considerably and a diligent attorney will reasonably need to conduct factual and legal research tailored to the case at hand.

*See, e.g.*, *Kyriakoulis v. DuPage Health Ctr.*, No. 10 C 7902, 2014 WL 1257937, at *1 (N.D. Ill. Mar. 27, 2014) (rejecting argument that lawyers copied word for word from a prior complaint and could have recycled language and done the same work in one-third the time). The billing entries reflect legal research conducted by City Defendants' counsel that directly related to Plaintiff's false arrest claim, was not excessive, and does not appear redundant. Likewise, Plaintiff's objections to time spent reviewing depositions are baseless. (Pl.'s Opp'n at 5.) City Defendants included five billing entries reflecting their work reviewing and analyzing deposition testimony related to their Local Rule 56.1 statement of material facts in support of their motion for summary judgment. This time reflects the work of a reasonably diligent attorney and directly relates to defending against Plaintiff's false arrest claim.

Further, Plaintiff's appeal to *Kyriakoulis* is unpersuasive. Plaintiff claims Defendants' reliance on the case to support the reasonableness of their attorneys' hourly rate is "ironic," and argues the case is instructive in that the "court proceeded to award 15% of the $22,455 sought, given that experienced lawyers in that case should have been able to dispose to [sic] the relevant issues for $3,369." (Pl.'s Opp'n at 2.) Plaintiff further urges that "Defendants should have been able to dispose of Plaintiffs' false arrest/indemnification claims here more easily than Petitioners in *Kyriakoulis*." (*Id.*) In *Kyriakoulis*, the court considered a petition for statutory attorneys' fees in a wage and hour case and concluded that "a fair estimate of the fair value of the time plaintiffs' counsel spent on the two successful items of their summary judgment motion is fifteen percent of the claimed $22,455.00." 2014 WL 1257937, at *2. Because the court concluded the plaintiff was only entitled to recover fees for time spent on the successful, or on "reasonable, but unsuccessful argument[s]," and because the plaintiff's time records did not show how much time was spent on the successful portion of its motion for summary judgment, the court determined

that 15 percent was a reasonable percentage. *Id.* Here, City Defendants submitted detailed billing records that allow us to determine whether each entry is directly related to the sanctionable conduct, and the case is sufficiently distinguishable in all respects to *Kyriakoulis* that we reject Plaintiff's suggestion of equivalency and his argument that the award in *Kryriakoulis* should serve as a ceiling for the sanctions imposed here.

After careful review of Defendants' billing records submitted along with their fee petition, we find the hours spent drafting, researching, and reviewing the motion for summary judgment were not unreasonable or excessive. Accordingly, Plaintiff's objections as stated in Sections I, III, and V of his opposition are overruled.

### B. Plaintiff's Objection to Matters Unrelated to the Sanctionable Conduct

Plaintiff argues City Defendants should not be awarded fees time spent on several matters he contends are unrelated to the substance of the false arrest claim, including 31.9 hours spent on City Defendants' motion to strike portions of Plaintiff's Rule 56.1 statement and exhibits, 2.8 hours reviewing orders issued in this case, time spent reviewing the status of the related state court case, and time spent reviewing or briefing motions for extension of time. (Pl.'s Opp'n at 3–6.) Plaintiff asserts these time entries reflect activities that were not necessary, not related to the motion for summary judgment, or not reasonably directed to the substance of the false arrest claim. (*Id.*)

#### 1. Time Spent Reviewing Orders, Checking Status, and Briefing Motions for Extension of Time

We agree with Plaintiff that time spent reviewing the status of the state court case, and time spent on matters unrelated to the substance of the issues briefed on summary judgment should be excluded from the fee award. This includes time entries related to motions for extension of time and review of this Court's orders. Accordingly, we sustain Plaintiff's

objections raised in Sections IV and VI of his opposition. The following billing entries, totaling 4.9 billable hours, will be excluded from the sanctions award:

| Billing Entry Date | Hours Claimed |
|---|---|
| 10/29/15 | 0.1 |
| 10/29/15 | 1.0 |
| 10/29/15 | 0.1 |
| 12/10/15 | 0.2 |
| 12/17/15 | 0.2 |
| 12/23/15 | 0.1 |
| 01/20/16 | 0.2 |
| 01/25/15 | 0.2 |
| 01/27/16 | 0.1 |
| 02/11/15 | 0.1 |
| 02/11/16 | 0.4 |
| 02/12/16 | 0.1 |
| 03/21/16 | 0.2 |
| 03/31/16 | 0.3 |
| 04/01/15 | 0.2 |
| 04/18/16 | 0.2 |
| 04/19/16 | 0.1 |
| 05/03/16 | 0.4 |
| 06/08/16 | 0.2 |
| 06/08/16 | 0.5 |

Thus, multiplied by the $185 per billable hour rate, we exclude $906.50 from the attorneys' fees requested by City Defendants.

2. Briefing on Motion to Strike

Plaintiff also argues City Defendants should not receive attorneys' fees for time expended on their motion to strike portions of Plaintiff's Local Rule 56.1(b)(3)(C) statement of facts. (Pl.'s Opp'n at 3–4.) To the extent Plaintiff contends that all such hours spent on the motion to strike were unrelated to City Defendants' summary judgment motion, his objections are overruled. City Defendants moved to strike certain assertions made in support of Plaintiff's response to the summary judgment motion—work which relates to the substance of the motion and the sanctionable conduct. Again, had Plaintiff not insisted on pursuing his false arrest claim

7

despite not having a reasonable factual basis for it, City Defendants would not have needed to expend these resources.

However, we sustain Plaintiff's objections in part and decline to award all attorneys' fees requested in connection with the motion to strike. First, "[m]otions to strike at the summary judgment stage are disfavored and generally unnecessary, for the Court may only consider admissible evidence when ruling on a motion for summary judgment." *Univ. Healthsystem Consortium v. UnitedHealth Grp., Inc.*, 68 F. Supp. 3d 917, 921 (N.D. Ill. 2014) (citing *Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009)). Second, the motion to strike was largely denied. (Dkt. No. 142.) City Defendants sought to strike portions of Plaintiff's Local Rule 56.1 Statement of Facts, along with Exhibits A (Plaintiff's declaration), Exhibit C (Kenneth Bloom declaration), and Exhibit D (Todd Grelyak declaration) thereto. Importantly, the Court denied the motion with respect to the Bloom and Grelyak declarations, finding they related solely to Plaintiff's opposition to the RTC Defendants' parallel motion for summary judgment, and were unrelated to City Defendants' motion. (*Id.* at 2.) Ultimately, the Court only struck portions of five other paragraphs. (*Id.* at 4–5.)

While the motion to strike was, at least in part, related to City Defendants' motion for summary judgment, we decline to award fees for time spent moving to strike the Bloom and Grelyak declarations that related solely to co-defendants' motion for summary judgment. *See Divane*, 319 F.3d at 316 (explaining a district court may "'simply reduce the award to account for . . . limited success,' rather than identifying and eliminating specific unrelated hours, in a case where the prevalence of common facts and related themes makes it difficult, if not impossible, efficiently and expediently to pursue the other alternative"). A further reduction is necessary to account for the duplicative and unnecessary nature of the motion to strike at the

8

summary judgment stage—the substantial portion of time spent on the motion is indicative of why such motions are disfavored. *Dubisky*, 849 F.2d at 1037. City Defendants' billing entries do not specify time spent moving to strike the declarations as opposed to other portions of Plaintiff's statement of facts. While City Defendants' argument with respect to the Bloom and Grelyak declarations consumed only about 2.5 pages of its motion to strike, they spent considerable space briefing the issue in their reply, despite Plaintiff's clear explanation that he submitted a joint statement of facts, that the Bloom and Grelyak declarations "relate[d] exclusively to the claims against the RTC Defendants," and they "have no bearing" on the claims against City Defendants. (Dkt. No. 139 at 2.) Accordingly, of the 31.9 billing hours Plaintiff identified as relating to the motion to strike, we determine it is appropriate to award fees for one fourth of the hours expended. This reduction reasonably accounts for the time spent moving to strike the unrelated declarations and the redundancy in moving to strike allegations instead of simply objecting to them as provided under Rule 56(c)(2). Accordingly, we reduce the total fee hours by 23.9 billable hours. When multiplied by the $185 per billable hour rate, we therefore exclude $4,421.50 from the total attorneys' fees requested by City Defendants.

### C. Sanctions Award

In sum, we find City Defendants' fee petition is reasonable and well-supported. However, City Defendants request for $16,909.00 in attorneys' fees attributable to Plaintiff's sanctionable conduct shall be reduced by (1) $906.50 for time spent on matters unrelated to Plaintiff's false arrest claim, including billing entries reflecting attorney time spend reviewing the status of the state court case, motions for extension of time, or this Court's orders; and (2) $4,421.50 for time spent briefing City Defendants' motion to strike. Accordingly, pursuant to Rule 11 of the Federal Rules of Civil Procedure, we award City Defendants

$11,581.00 in attorneys' fees incurred as a direct result of Plaintiff's sanctionable conduct in this action. Plaintiff Gregory Dempsey and Plaintiff's counsel shall be jointly and severally responsible for satisfying the Rule 11 sanctions award. It is so ordered.

                                                Honorable Marvin E. Aspen
                                                United States District Judge

Dated: February 23, 2017
       Chicago, Illinois